■ EDWARD J. KASNER et al., Appellants, v PATHMARK STORES, INC., et al., Respondents. [794 NYS2d 418]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Davis, J.), entered March 23, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants, on their motion for summary judgment dismissing the complaint, established their prima facie entitlement to judgment as a matter of law by proffering evidence establishing the absence of a dangerous and defective condition and the lack of notice of the condition complained of (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Brown-Phifer v Cross County Mall Multiplex*, 282 AD2d 564 [2001]; *Visconti v 110 Huntington Assoc.*, 272 AD2d 320 [2000]; *Stumacher v Waldbaum, Inc.*, 274 AD2d 572 [2000]). In opposition, the plaintiffs failed to establish the existence of an issue of fact as to whether the section of the entrance mat that allegedly caused the accident was raised prior to the accident or whether it was raised as a consequence of the fall itself (see *Christopher v New York City Tr. Auth.*, 300 AD2d 336 [2002]; *Brown-Phifer v Cross County Mall Multiplex, supra; Visconti v 110 Huntington Assoc., supra*). The plaintiffs also failed to establish the existence of an issue of fact as to whether the defendants had notice of the raised portion of the entrance mat under any theory of constructive notice. The plaintiffs failed to present any evidence to establish that the bump in the entrance mat existed for any appreciable length of time prior to the accident (see *Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). In addition, the evidence presented by the plaintiffs to establish the defendants' notice of a recurrent dangerous condition had

no relation to the area where the accident allegedly occurred or was based on inadmissible hearsay (*see Cohn v Mayfair Supermarkets*, 305 AD2d 528 [2003]; *Anderson v Central Val. Realty Co.*, 300 AD2d 422 [2002]). Moreover, a general awareness that floor mats occasionally bunch is insufficient by itself to constitute notice of a dangerous condition (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]; *Gordon v American Museum of Natural History, supra; Richardson-Dorn v Golub Corp.*, 252 AD2d 790 [1998]). The affidavit submitted by the plaintiffs' alleged engineering expert did not establish the existence of an issue of fact. There was no indication in the affidavit that the plaintiff's alleged engineering expert had any training or experience in the supermarket industry or that he visited the site of the accident, and he did not relate a violation of any industry standard (*see Veccia v Clearmeadow Pistol Club*, 300 AD2d 472 [2002]; *Cicero v Selden Assoc.*, 295 AD2d 391 [2002]; *Shea v Sky Bounce Ball Co.*, 294 AD2d 486 [2002]; *Hofmann v Toys "R" Us-NY Ltd. Partnership*, 272 AD2d 296 [2000]; *Ruggiero v Waldbaums Supermarkets*, 242 AD2d 268 [1997]). Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Krausman, Luciano and Fisher, JJ., concur.