RUTH ANN LARSEN, Appellant, v CONGREGATION B'NAI JESHURUN OF STATEN ISLAND, Defendant and Third-Party Plaintiff-Respondent. EXCLUSIVE CATERING BY KAPLAN, INC., Third-Party Defendant. [815 NYS2d 187]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated December 17, 2004, as granted that branch of the cross motion of the defendant third-party plaintiff which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

To prove a prima facie case of negligence in a trip-and-fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition (*see Cruceta v Funnel Equities, Inc.,* 18 AD3d 693, 694 [2005]; *Nicklas v Tedlen Realty Corp.,* 305 AD2d 385, 386 [2003]). A defendant has constructive notice of a defect when the defect is visible and apparent, and existed for a sufficient length of time before the accident that it could have been discovered and corrected (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838 [1986]; *Negri v Stop & Shop,* 65 NY2d 625, 626 [1985]; *Golding v Powell & Dempsey,* 247 AD2d 510 [1998]).

The defendant met its initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that it neither created nor had actual or constructive notice of the allegedly defective floor mat at issue. The evidence submitted by

the plaintiff in opposition failed to raise a triable issue of fact as to whether the section of the mat that allegedly caused the accident had become buckled or elevated before the accident, or that the defendant had constructive notice of this allegedly defective condition. Although the plaintiff presented evidence that actual notice of the allegedly defective condition had been given to Mel Kaplan and Stacie Kaplan, the principals of her employer, she failed to present evidence of a connection between the Kaplans and the defendant sufficient to raise a triable issue of fact as to whether the actual notice given to the Kaplans could be imputed to the defendant (*see Torres v New York City Hous. Auth.*, 261 AD2d 273, 275 [1999]; *cf. Bentivegna v Investment Props. Assoc.*, 180 AD2d 500 [1992]). The Supreme Court therefore correctly granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Kasner v Pathmark Stores, Inc.*, 18 AD3d 440 [2005]; *Penn v Fleet Bank*, 12 AD3d 584 [2004]; *Hartman v Mountain Val. Brew Pub*, 301 AD2d 570 [2003]; *Bongiorno v Penske Auto. Ctr.*, 289 AD2d 520 [2001]). Florio, J.P., Luciano, Spolzino and Fisher, JJ., concur.