■ HYMAN S. RUBIN, Appellant, v CRYDER HOUSE, Respondent. [834 NYS2d 316]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated February 27, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To impose liability upon a defendant in a slip-and-fall action, there must be evidence that a dangerous or defective condition existed, and that the defendant either created the condition or had actual or constructive notice of it (*see Penn v Fleet Bank*, 12 AD3d 584 [2004]; *Christopher v New York City Tr. Auth.*, 300 AD2d 336 [2002]; *see also Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). A defendant has constructive notice of a defect when the defect is visible and apparent, and has existed for a sufficient length of time before the accident that it could have been discovered and corrected (*see Gordon v American Museum of Natural History, supra; Larsen v Congregation B'Nai Jeshurun of Staten Is.*, 29 AD3d 643 [2006]).

Here, the defendant sustained its initial burden of demonstrating its entitlement to summary judgment by submitting evidence that the rubber mats covering the basement floor of its premises were evenly set down and inspected throughout the day to ensure they remained in a safe smooth condition, and that it had no notice that the mat upon which the plaintiff tripped was in a dangerous condition prior to the accident (*see Larsen v Congregation B'Nai Jeshurun of Staten Is., supra; Penn v Fleet Bank, supra; Christopher v New York City Tr. Auth., supra*). In opposition to the motion, the plaintiff failed to raise a triable issue of fact as to whether the subject mat was in a dangerous condition prior to his fall, and whether the defendant created any such condition or had actual or constructive notice of it. Although the plaintiff testified at his deposition that after his fall he noticed that the edge of the mat was "up from the

floor" and not "solid to the ground," he did not indicate that this condition caused him to trip, and there is no proof that it existed prior to his fall. "It is just as likely under these facts that the mat was caused to flip up as the result of the plaintiff's fall and was not a pre-existing condition" (*Penn v Fleet Bank, supra* at 584). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment (*see Larsen v Congregation B'Nai Jeshurun of Staten Is., supra; Penn v Fleet Bank, supra; Christopher v New York City Tr. Auth., supra; see also Leib v Silo Rest., Inc.,* 26 AD3d 359 [2006]). Miller, J.P., Santucci, Florio and Lifson, JJ., concur.