■ Rose Kwitny et al., Respondents, v Westchester Towers Owners Corp. et al., Appellants, et al., Defendant. [850 NYS2d 68]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered July 18, 2007, which, in an action for personal injuries sustained when plaintiff tripped and fell over a carpet runner in the lobby of an apartment building owned and managed by defendants-appellants (defendants), denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants Westchester Towers Owners Corp. and Prime Locations, Inc. dismissing the complaint as against them.

Defendants made a prima facie showing of entitlement to summary judgment with the submission of plaintiff's deposition

testimony that she never looked at the runner, either before or after her fall, and could not say whether it had bunched up or shifted; plaintiff's deposition testimony, and that of her husband, that they knew of no complaints about the runner prior to the accident; the doorman's deposition testimony that shortly before the accident he observed the runner and saw nothing wrong with it, and that the tenants never made any complaints about the runner to him; and the assistant property manager's deposition testimony that she was unaware of any accidents in the lobby and that no complaints were received concerning the runner in the month before the accident. In opposition, plaintiff failed to adduce evidence that defendants either created or had notice of a condition that made the runner a tripping hazard, "primarily because she was unable to identify, much less prove, what actually caused her to fall" (*Londner v Big V Supermarkets*, 309 AD2d 1122, 1122-1123 [2003]; *see also Aniello v 1370 Broadway Assoc. Corp.*, 28 AD3d 383 [2006]). No genuine issues of fact are raised by the doorman's testimony that the runner, which is not affixed to the carpet underneath, results in a height differential, and would, on occasion, become disheveled or out of place when carts with heavy items were moved over it. There is no evidence that the height differential was dangerous, and a general awareness that carpet runners occasionally bunch up is insufficient by itself to constitute notice of a dangerous condition (*Kasner v Pathmark Stores, Inc.*, 18 AD3d 440, 441 [2005]). Concur—Lippman, P.J., Saxe, Nardelli, Williams and Moskowitz, JJ.