◼ RONALD MALENDA, Appellant, v GREAT ATLANTIC & PACIFIC TEA CO., INC., Respondent. [855 NYS2d 683]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 26, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff's decedent allegedly slipped and fell on some strawberries that had fallen onto the floor of the defendant's store in Garfield, New Jersey. In support of its motion for summary judgment dismissing the complaint, the defendant relied upon, inter alia, the deposition testimony of Richard Michalik, its store's comanager. His testimony indicated that he would walk through the entire store every half hour and that there were oral instructions to the store employees to monitor the floor in the produce department every half hour. Additionally,

there were also some maintenance employees who went around with mops, pails, and brooms, constantly monitoring the floors. Keith Kloza, who was then the produce manager of the store, submitted an affidavit. He averred that he had been in the produce department for 20 minutes before the accident and did not recall seeing any strawberries on the floor. This was sufficient to make out the defendant's prima facie case showing of its entitlement to summary judgment dismissing the complaint by demonstrating that it neither created the condition complained of nor had actual or constructive knowledge thereof.

In response, the plaintiff's deposition testimony showed the existence of a triable issue of fact as to whether the strawberries were on the store floor for a sufficient length of time for the defendant's employees to have discovered them and remedied that condition. The plaintiff testified that when he and his wife, the decedent, first entered the store, 30 to 40 minutes before the accident, they passed by the produce department. At that time, he noticed some produce and "stuff" on the floor. The material looked like strawberries, and he remembered remarking to the decedent that "for a big store like this they can't clean up the floor." The spot where he first saw the strawberries on the floor when he entered the store was about 10 feet away from where he found his wife sitting on the floor after the accident. This was sufficient to show the existence of a factual question on the issue of constructive notice, requiring the denial of the motion (see Negri v Stop & Shop, 65 NY2d 625 [1985]; Field v Waldbaum, Inc., 35 AD3d 652, 653 [2006]; Feldmus v Ryan Food Corp., 29 AD3d 940, 942 [2006]; Marino v Stop & Shop Supermarket Co., 21 AD3d 531 [2005]). Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur. [See 2007 NY Slip Op 30820(U).]