■ JEROME DENKER et al., Respondents, v CENTURY 21 DEPARTMENT STORES, LLC, Appellant. [866 NYS2d 681]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings

County (Schack, J.), dated October 19, 2007, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

While walking together along 87th Street in the Bay Ridge section of Brooklyn, both plaintiffs allegedly tripped and fell on a loose and curled edge of a carpet mat on a stretch of sidewalk directly in front of an entrance to the defendant's store. After the plaintiffs commenced the present action, the defendant moved for summary judgment dismissing the complaint.

To impose liability upon a defendant in a trip-and-fall action, there must be evidence that a dangerous or defective condition existed, and that the defendant either created the condition or had actual or constructive notice of it (*see Rubin v Cryder House,* 39 AD3d 840 [2007]). A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident that it could have been discovered and corrected (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]).

Here, the defendant sustained its initial burden of demonstrating its entitlement to summary judgment by submitting deposition testimony of the store's manager that the carpet mat was ordinarily inspected or cleaned every 60 to 90 minutes, and that it had no notice that the subject mat was in a dangerous condition prior to the accident. In opposition to the motion, the plaintiffs failed to raise a triable issue of fact as to whether the subject mat was in a dangerous condition prior to the fall, and, if so, whether the defendant created such condition or had actual or constructive notice of it (*see Rubin v Cryder House* 39 AD3d at 840).

The plaintiffs' remaining contentions are without merit. Lifson, J.P., Florio, Eng and Belen, JJ., concur.