■ CAROLINE DENNEHY-MURPHY et al., Appellants, v NOR-TOPIA SERVICE CENTER, INC., et al., Respondents. [876 NYS2d 512]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered December 19, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff allegedly tripped and fell over a gasoline pump hose which was partially lying on the ground next to the pump housing at the defendants' gas station. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, finding that the hose on the ground was an open and obvious condition. We affirm, but upon a different basis.

To impose liability upon a defendant in a trip-and-fall action, there must be evidence that a dangerous or defective condition existed, and that the defendant either created the condition or had actual or constructive notice of it (see *Rubin v Cryder House*, 39 AD3d 840 [2007]; *Penn v Fleet Bank*, 12 AD3d 584 [2004]; see also *Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). A defendant has constructive notice of a defect when the defect is visible and apparent, and has existed for a sufficient length of time before the accident that it could have been discovered and corrected (see *Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Larsen v Congregation B'Nai Jeshurun of Staten Is.*, 29 AD3d 643 [2006]). Here, the defendants established, prima facie, their entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the pump hose lying on the ground. In particular, there was evidence that the defendants' employees had twice inspected the area where the injured plaintiff fell in the hour before the accident occurred, and that they did not observe such a condition (see *Collins v Mayfair Super Mkts., Inc.*, 13 AD3d 330 [2004]).

In opposition, the plaintiffs failed to raise a triable issue of

fact. Mere speculation that the hose was on the ground for a significant period of time prior to the injured plaintiff's arrival at the station is insufficient to defeat the defendants' entitlement to summary judgment (*see Rubin v Cryder House*, 39 AD3d 840 [2007]; *Breuer v Wal-Mart Stores*, 289 AD2d 276 [2001]).

Accordingly, the defendants were entitled to summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Spolzino, J.P., Santucci, Angiolillo and Eng, JJ., concur.