■ ROSA CINTRON et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [877 NYS2d 446]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Levine, J.), dated October 18, 2007, which, upon the

granting of the defendant's motion pursuant to CPLR 4401, made at the close of the plaintiffs' evidence, for judgment as a matter of law for the plaintiffs' failure to establish a prima facie case, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the determination of the Supreme Court, the plaintiffs presented legally sufficient evidence of an allegedly dangerous condition on the rear stairs of the subject bus for the Supreme Court to have submitted the issue of proximate cause to the jury (*see* CPLR 4401; *Szczerbiak v Pilat*, 90 NY2d 553 [1997]; *Rhabb v New York City Hous. Auth.*, 41 NY2d 200, 202 [1976]; *Pollack v Klein*, 39 AD3d 730 [2007]). The jury could have inferred proximate cause from the circumstances of the accident (*see Costantino v Webel*, 57 AD3d 472 [2008]; *Oettinger v Amerada Hess Corp.*, 15 AD3d 638, 639 [2005]; *cf. Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]).

However, the Supreme Court properly determined that the plaintiffs failed to present legally sufficient evidence that the defendant either created the alleged dangerous condition, or that it had actual or constructive notice of the condition and failed to remedy it within a reasonable time (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Scoppettone v ADJ Holding Corp.*, 41 AD3d 693, 694 [2007]; *Rubin v Cryder House*, 39 AD3d 840 [2007]; *Larsen v Congregation B'Nai Jeshurun of Staten Is.*, 29 AD3d 643 [2006]; *Penn v Fleet Bank*, 12 AD3d 584 [2004]; *Christopher v New York City Tr. Auth.*, 300 AD2d 336 [2002]). The plaintiffs' contention that the bus driver in question would have discovered the dangerous condition if he had inspected the rear of the bus prior to the beginning of his shift is belied by an "operator's vehicle condition report card," which indicated that the two drivers who previously operated the bus on the date of the accident found no such dangerous or defective condition on the subject bus.

Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 4401, made at the close of the plaintiffs' evidence, for judgment as a matter of law for the plaintiffs' failure to establish a prima facie case. Spolzino, J.P., Skelos, Santucci and Dickerson, JJ., concur.