■ MARIA HAYDEN, Appellant, v WALDBAUM, INC., Respondent. [880 NYS2d 351]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated December 9, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly tripped and fell when her foot became caught under the edge of a rubber mat which was located in a vestibule of the defendant's store. The plaintiff testified at her deposition that a portion of the mat had "bubbled up," though she did not trip on the "bubbled up" portion of the mat.

To impose liability upon a defendant in a trip-and-fall action, there must be evidence that the defendant either created the condition or had actual or constructive notice of it (*see Denker v Century 21 Dept. Stores, LLC,* 55 AD3d 527 [2008]). A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident that it could have been discovered and corrected (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]).

Here, the defendant sustained its initial burden of demonstrating its entitlement to judgment as a matter of law, by submitting deposition testimony of the store's manager that he inspected the vestibule area 50 to 60 times each day and that porters swept the vestibule area three or four times each day (*cf. Arzola v Boston Props. Ltd. Partnership,* 63 AD3d 655 [2009] [decided herewith]). The store manager further testified that he

never received any complaints that the mat would lift or "bubble up" and that "graft" under the bottom of the mat affixed it to the tile floor below. In opposition to the motion, the plaintiff failed to raise a triable issue of fact as to whether the defendant created a dangerous condition with regard to the mat or had actual or constructive notice of such condition (*see Denker v Century 21 Dept. Stores, LLC*, 55 AD3d 527 [2008]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Spolzino, J.P., Santucci, Belen and Lott, JJ., concur.