756

■ MARVIN MERSACK, Appellant, v BJ's WHOLESALE CLUB, INC., Respondent. [882 NYS2d 655]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated March 27, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when he allegedly slipped and fell on a small puddle of water in an aisle of the defendant's store. He commenced this action and, after discovery was completed, the defendant moved for summary judgment dismissing the complaint on the ground, insofar as relevant here, that it did not have constructive notice of the condition. The Supreme Court granted the motion, and we affirm.

The evidence submitted in support of the motion established that an employee of the defendant observed the aisle where the plaintiff fell within 10 to 15 minutes before the plaintiff's fall and saw no accumulation of water. Additionally, the deposition testimony of the plaintiff himself established that he had been in that aisle for the 30 minutes preceding the accident and saw no accumulation of water. This evidence established, prima face, that the defendant did not have constructive notice of the puddle (*see Ganci v National Wholesale Liquidators of Farmingdale, Inc.,* 20 AD3d 551 [2005]; *Berg v Wegmans Food Mkts.,* 242 AD2d 861, 862 [1997]; *cf. Malenda v Great Atl. & Pac. Tea Co., Inc.,* 50 AD3d 972, 972-973 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Becker v Waldbaum, Inc.,* 221 AD2d 396 [1995]; *Kaufman v Man-Dell Food Stores,* 203 AD2d 532, 533 [1994]). Prudenti, P.J., Fisher, Miller and Lott, JJ., concur.