██ LEROY WILLIAMS, Respondent, v SNS REALTY OF LONG ISLAND, INC., et al., Appellants, et al., Defendants. [895 NYS2d 528]—

In an action to recover damages for personal injuries, the defendants SNS Realty of Long Island, Inc., Abdul Sattar, RT Grocery, Inc., and Candi Pearsall, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated June 5, 2009, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants SNS Realty of Long Island, Inc., Abdul Sattar, RT Grocery, Inc., and Candi Pearsall, Inc., for summary dismissing the complaint insofar as asserted against them is granted.

On October 18, 2005, at approximately 9:00 A.M., the plaintiff allegedly tripped and fell on an entry mat as he entered the Rite Time Dairy grocery store (hereinafter the store) in Cedarhurst. The defendant SNS Realty of Long Island, Inc. (hereinafter SNS), was the owner of the property where the store was located. The defendant Abdul Sattar, the vice-president and secre-

tary of SNS, was present in the store at the time of the plaintiff's fall. The defendant RT Grocery, Inc. (hereinafter RT Grocery), is the legal corporate name for the store. The plaintiff testified at his deposition that while he did not observe the condition of the mat prior to his fall, he noticed after he fell that it was "crumpled up like an accordion."

To impose liability upon a defendant in a trip-and-fall action, there must be evidence that the defendant either created the alleged dangerous condition or had actual or constructive notice of it (see Hayden v Waldbaum, Inc., 63 AD3d 679 [2009]; Arzola v Boston Props. Ltd. Partnership, 63 AD3d 655 [2009]; Larsen v Congregation B'Nai Jeshurun of Staten Is., 29 AD3d 643 [2006]). "A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident that it could have been discovered and corrected" (Hayden v Waldbaum, Inc., 63 AD3d at 679; see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]). "To meet [their] initial burden on the issue of lack of constructive notice, the defendant[s] must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]).

Here, the defendants SNS, Abdul Sattar, RT Grocery, and Candi Pearsall, Inc. (hereinafter collectively the appellants), met their burden of establishing their prima facie entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the allegedly dangerous floor mat. Both Sattar, in his deposition and supporting affidavit, and Ratilal Patel, the president of RT Grocery, in a supporting affidavit, stated that they had no knowledge of anyone previously tripping or falling on the mats, and that no one had ever made a complaint to them about the mats (see Hayden v Waldbaum, Inc., 63 AD3d 679 [2009]; Kwitny v Westchester Towers Owners Corp., 47 AD3d 495, 495-496 [2008]). The appellants also submitted the affidavit of Shazia Sattar, the principal of the defendant Candi Pearsall, Inc., who maintained a kiosk within the store in space which she rented from RT Grocery. She had no ownership interest in RT Grocery, was not present in the store at the time of the plaintiff's fall, and was not responsible for the floor mats. In her affidavit, she stated that she had no knowledge of any prior trip-and-fall accidents in the store and that no one ever complained to her about the mats. Moreover, the appellants met their prima facie burden on the issue of lack of constructive notice by submitting

the deposition testimony and affidavit of Abdul Sattar that he had walked through the same entrance approximately 15 to 20 minutes prior to the plaintiff's fall and observed the mats to be flat on the floor (*see Mersack v BJ's Wholesale Club, Inc.*, 64 AD3d 756 [2009]; *Collins v Mayfair Super Mkts., Inc.*, 13 AD3d 330 [2004]).

In opposition to the appellants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether the mat was crumpled before he fell (*see Larsen v Congregation B'Nai Jeshurun of Staten Is.*, 29 AD3d at 644; *Kasner v Pathmark Stores, Inc.*, 18 AD3d 440 [2005]), or whether the appellants created or had actual or constructive notice of the allegedly dangerous condition (*see Hayden v Waldbaum, Inc.*, 63 AD3d at 680; *Larsen v Congregation B'Nai Jeshurun of Staten Is.*, 29 AD3d at 643-644; *Collins v Mayfair Super Mkts. Inc.*, 13 AD3d at 331; *Kwitny v Westchester Towers Owners Corp.*, 47 AD3d at 496).

Accordingly, the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them should have been granted.

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit. Dillon, J.P., Miller, Eng and Roman, JJ., concur.