██ Mayra Granillo, Respondent, v Toys "R" Us, Inc., et al., Appellants. [899 NYS2d 377]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered November 19, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On July 2, 2004, the plaintiff was shopping in a Toys "R" Us store in Yonkers owned and operated by the defendants. As she walked toward the exit, she fell, allegedly sustaining injuries. Immediately after her fall, she observed melted or melting ice cream on the floor near where she fell, which condition allegedly caused her to slip and fall. The plaintiff commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the defendants' motion. We affirm.

" 'A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it' " (*Aguirre v Paul*, 54 AD3d 302, 303 [2008], quoting *Prusak v New York City Hous. Auth.*, 43 AD3d 1022, 1022 [2007]; *see Lewis v Metropolitan Transp. Auth.*, 64 NY2d 670, 671 [1984]). " 'A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident that it could have been discovered and corrected' " (*Williams v SNS Realty of Long Is., Inc.*, 70 AD3d 1034, 1035 [2010], quoting *Hayden v Waldbaum, Inc.*, 63 AD3d 679, 679 [2009]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). "To meet its initial burden on the issue of lack of constructive notice, [a] defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Williams v SNS Realty of Long Is., Inc.*, 70 AD3d at 1035; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598 [2010]; *Musachio v Smithtown Cent. School Dist.*, 68 AD3d 949, 949-950 [2009]; *Sherry v Wal-Mart Stores E., L.P.*, 67 AD3d 992, 993-994 [2009]; *Holub v Pathmark Stores, Inc.*, 66 AD3d 741, 742 [2009]; *Braudy v Best Buy Co., Inc.*, 63 AD3d 1092, 1092 [2009]). Here, the defendants failed to satisfy their initial burden. Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.