In an action to recover damages for personal injuries, the defendants County of Suffolk, Suffolk County Bus Corp., and Educational Bus Transportation appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 9, 2009, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendants County of Suffolk, Suffolk County Bus Corp., and Educational Bus Transportation for summary judgment dismissing the complaint insofar as asserted against them is granted.
On April 1, 2006, the plaintiff, who was in a wheelchair, was injured while using a hydraulic wheelchair lift to exit a bus owned by the defendants County of Suffolk, Suffolk County Bus Corp., and Educational Bus Transportation (hereinafter collectively the defendants). The plaintiff claims that as a result of a defect in the wheelchair lift, she was propelled to the ground and struck by her wheelchair. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them and the Supreme Court denied the motion. We reverse.
On a motion for summary judgment, the movant must make a prima facie showing of entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Here, the defendants satisfied their burden and, in opposition, the plaintiff failed to raise a triable issue of fact.
A common carrier, like any other defendant, is not an insurer of the safety of its equipment. It can be held liable for defects in the equipment only if it knew or with reasonable care should have known that the equipment was defective (see Boyd v Manhattan & Bronx Surface Tr. Operating Auth., 9 NY3d 89 [2007]; Bethel v New York City Tr. Auth., 92 NY2d 348 [1998]). A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident that it could have been discovered and corrected (see Hayden v Waldbaum, Inc., 63 AD3d 679 [2009]). The defendants established, prima facie, that they did not have actual or constructive notice of a defective condition. The driver *613 of the bus testified at his deposition that before starting his route, he inspected the bus, including the hydraulic wheelchair lift, and it was operating properly. The plaintiff also testified at her deposition that there were no problems with the lift when she boarded the bus and that she did not alert the driver to the alleged vibrating movement and grinding sound that she allegedly heard prior to being propelled from the lift to the ground. The accident notification data report and the monthly coach condition card, which are kept in the defendants’ regular course of business, indicate that the bus was inspected both before and after the plaintiffs accident and was found to be free of defects. Notably, the wheelchair lift was tested and found to be functional.
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants had actual or constructive notice of the allegedly defective condition (see Hayden v Waldbaum, Inc., 63 AD3d 679 [2009]). Skelos, J.P., Hall, Roman and Sgroi, JJ., concur.