■ ETHEL M. LEARY, Respondent, v LEISURE GLEN HOME OWNERS ASSOCIATION, INC., Appellant, et al., Defendants. [920 NYS2d 193]—

On January 29, 2002, as she was entering the Leisure Glen Clubhouse (hereinafter the clubhouse), which was owned by the defendant Leisure Glen Home Owners Association, Inc. (hereinafter the defendant), the plaintiff allegedly tripped on a floor mat on the brick floor of the clubhouse vestibule and fell, sustaining injuries. The plaintiff commenced this action against, among others, the defendant. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed the motion, and cross-moved for summary judgment on the issue of liability as against the defendant. The Supreme Court denied the defendant's motion and the plaintiff's cross motion, determining that the parties' differing versions of the manner in which the accident occurred could not be reconciled, and, accordingly, neither the defendant nor the plaintiff was entitled to summary judgment. The defendant appealed, but the plaintiff did not cross-appeal. We reverse the order insofar as appealed from.

"To impose liability upon a defendant in a trip-and-fall action, there must be evidence that a dangerous or defective condition existed, and that the defendant either created the condition or had actual or constructive notice of it" (*Dennehy-Murphy v Nor-Topia Serv. Ctr., Inc.*, 61 AD3d 629, 629 [2009]; *see Denker v Century 21 Dept. Stores, LLC*, 55 AD3d 527, 528 [2008]; *Rubin v Cryder House*, 39 AD3d 840, 840 [2007]; *Penn v Fleet Bank*, 12

AD3d 584 [2004]). "A defendant has constructive notice of a defect when the defect is visible and apparent, and has existed for a sufficient length of time before the accident that it could have been discovered and corrected" (*Dennehy-Murphy v Nor-Topia Serv. Ctr., Inc.*, 61 AD3d at 629; *see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Williams v SNS Realty of Long Is., Inc.*, 70 AD3d 1034, 1035 [2010]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 598 [2010]; *Hayden v Waldbaum, Inc.*, 63 AD3d 679, 679 [2009]; *Denker v Century 21 Dept. Stores, LLC*, 55 AD3d at 528; *Rubin v Cryder House*, 39 AD3d at 840).

Here, the defendant satisfied its initial burden of demonstrating its entitlement to judgment as a matter of law. In support of its motion, the defendant submitted the deposition testimony of Pedro Benitez, the clubhouse custodian. Benitez testified that he vacuumed the floor mat approximately two hours prior to the plaintiff's accident. He further testified that he had never learned of any complaints concerning the mat and, to his knowledge, no one had ever tripped on it before. The defendant also submitted the deposition testimony of Debra D'Amato, the defendant's recreation director. D'Amato testified that, prior to the date of the accident, there had never been any complaints with regard to the condition of the mat, and there had not been any accidents reported which involved the mat. In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether the floor mat was in a dangerous condition prior to the plaintiff's fall and, if so, whether the defendant created such condition or had actual or constructive notice of it (*see Williams v SNS Realty of Long Is., Inc.*, 70 AD3d 1034 [2010]; *Hayden v Waldbaum, Inc.*, 63 AD3d 679 [2009]; *Denker v Century 21 Dept. Stores, LLC*, 55 AD3d 527 [2008]; *Rubin v Cryder House*, 39 AD3d 840 [2007]; *Penn v Fleet Bank*, 12 AD3d 584 [2004]). Additionally, contrary to the plaintiff's contention, there is no evidence in the record that the vestibule floor was mopped on the day of her fall or that the brick floor was slippery as a result of recent mopping or residual effects of prior cleaning. The plaintiff's contention in this regard is unsupported, speculative, and insufficient to defeat the defendant's entitlement to judgment as a matter of law (*see Friedenreich v Roosevelt Field Mall Mgt.*, 18 AD3d 808, 809 [2005]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Covello, J.P., Dickerson, Eng and Sgroi, JJ., concur.