■ ANA MARIA VAZQUEZ et al., Appellants, v GENOVESE DRUG STORES, INC., Respondent. [930 NYS2d 444]—

Plaintiffs allege that Ana Maria Vazquez was injured when she tripped and fell over a raised portion of a rug in the entranceway of defendant's drugstore. At her deposition, she testified that everything looked "normal," and that she did not see the raised portion until she looked at the rug after her fall.

On summary judgment, defendant demonstrated prima facie entitlement to judgment as a matter of law by showing that it neither created nor had actual notice of any hazardous condition concerning the rug or its placement or that the alleged

defect had been visible and apparent for sufficient time to permit defendant to discover and remedy it. Since there was no evidence of a defective condition concerning the rug, defendant, on summary judgment, was not required to offer evidence as to when it last inspected the rug (*see e.g. Wellington v Manmall, LLC*, 70 AD3d 401 [2010]). In opposition, plaintiffs failed to adduce evidence raising any genuine triable issue of fact (*see Kwitny v Westchester Towers Owners Corp.*, 47 AD3d 495 [2008]). Plaintiff husband's affidavit as to the condition of the rug and its placement was insufficient to do so, inasmuch as his observations at the accident scene were made only after the accident occurred.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.