DERIC SPINDELL, Respondent, v TOWN OF HEMPSTEAD et al., Appellants. [938 NYS2d 325]—

The plaintiff allegedly sustained injuries when he leaned against a large granite monument, erected in a public park owned by the defendant Town of Hempstead, and the monument fell towards him, landing on his foot. The monument was purchased by a nonparty from the defendant Scheurer Monuments, Inc. (hereinafter Scheurer), and was installed, at the nonparty's direction, by Scheurer.

The plaintiff commenced this action to recover damages for personal injuries against Scheurer and the Town. Scheurer moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the Town cross-moved for summary judgment, in effect, dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion and the cross motion.

Scheurer failed to demonstrate its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to Scheurer's contention, it did not tender sufficient evidence to demonstrate the absence of any material issues of fact as to whether it failed to exercise reasonable care in the installation of the subject monument, as is alleged in the complaint, and by that failure, launched a force or instrument of harm, thereby potentially subjecting it to liability for the plaintiff's injuries (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-142 [2002]).

The Town, however, demonstrated its prima facie entitlement to judgment as a matter of law on the ground that it neither created nor had actual or constructive notice of the alleged dangerous condition. "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that . . . the landowner affirmatively created the condition or had actual or constructive notice of its existence" (*Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 560 [2005]; *see Walsh v Super Value, Inc.*, 76 AD3d 371, 375 [2010]; *Fontana v R.H.C. Dev., LLC*, 69 AD3d 561 [2010]; *Bodden v Mayfair Supermarkets*, 6 AD3d 372, 373 [2004]). To provide constructive notice, "a defect must be *visible and apparent* and it must exist for a sufficient length of

time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986] [emphasis added]; *see Leary v Leisure Glen Home Owners Assn., Inc.*, 82 AD3d 1169 [2011]; *Williams v SNS Realty of Long Is., Inc.*, 70 AD3d 1034, 1035 [2010]; *Dennehy-Murphy v Nor-Topia Serv. Ctr., Inc.*, 61 AD3d 629 [2009]). "When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed" (*Applegate v Long Is. Power Auth.*, 53 AD3d 515, 516 [2008]; *see McMahon v Gold*, 78 AD3d 908, 909 [2010]; *Lal v Ching Po Ng*, 33 AD3d 668 [2006]; *Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 475 [2004]; *Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798, 800 [2003]).

The Town demonstrated, prima facie, that it did not create the alleged dangerous condition, consisting of the instability of the monument, through evidence that it did not have any role in constructing or installing the monument, and also demonstrated, prima facie, that it did not have actual notice of the alleged dangerous condition.

The Town further demonstrated, prima facie, that it did not have constructive notice of the alleged dangerous condition of the monument. Both the plaintiff and the Town's witness testified, at their respective depositions, that prior to the accident, the monument appeared to be stable and level, and was not listing or leaning in any manner. Thus, the alleged dangerous condition was not visible and apparent; nor was it discoverable, upon a reasonable inspection, that the approximately 1,700-pound monument allegedly was not properly mounted on its pedestal (*see McMahon v Gold*, 78 AD3d at 909; *Applegate v Long Is. Power Auth.*, 53 AD3d at 516; *Scoppettone v ADJ Holding Corp.*, 41 AD3d 693, 694-695 [2007]; *Lal v Ching Po Ng*, 33 AD3d at 668; *Curiale v Sharrotts Woods, Inc.*, 9 AD3d at 475; *Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d at 800). Under the circumstances of this case, no more than the visual observations made by the supervisor of the Town's Parks Department when he cleaned the monument could reasonably be required of the Town (*see Scoppettone v ADJ Holding Corp.*, 41 AD3d at 695).

In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, constructive notice of the instability of the approximately 1,700-pound monument cannot be imputed to the Town solely based upon its alleged knowledge that children congregated in the area and might have put their feet on the monument.

The parties' remaining contentions are without merit.

Accordingly, Scheurer's motion for summary judgment

dismissing the complaint and all cross claims insofar as asserted against it was properly denied, and the Town's cross motion for summary judgment, in effect, dismissing the complaint and all cross claims insofar as asserted against it should have been granted. Skelos, J.P., Hall, Lott and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32734(U).]**