In an action to recover damages for personal injuries, the defendants/third-party plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Sampson, J.), entered February 21, 2012, which granted the motion of the third-party defendant for summary judgment dismissing the third-party complaint, and (2), as limited by their brief, from so much of an order of the same court entered March 12, 2012, as, upon, in effect, granting that branch of their motion which was for leave to renew, adhered to so much of a determination in a prior order of the same court entered June 21, 2011, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground of lack of constructive notice.
*976 Ordered that the appeal from the order entered February 21, 2012, is dismissed as academic in light of our determination on the appeal from the order entered March 12, 2012; and it is further,
Ordered that the order entered March 12, 2012, is reversed insofar as appealed from, on the law, and, upon renewal, that branch of the motion of the defendants/third-party plaintiffs which was for summary judgment dismissing the complaint insofar as asserted against them on the ground of lack of constructive notice is granted, and the order entered June 21, 2011, is modified accordingly; and it is further,
Ordered that one bill of costs is awarded to the defendants/ third-party plaintiffs, payable by the plaintiff.
On or about October 6, 2005, the plaintiff allegedly was injured when she tripped on raised carpeting on a stairway in office space leased by the defendants/third-party plaintiffs, Deloitte & Touche, LLR and Deloitte, LLP (hereinafter together the Deloitte defendants), to the plaintiff’s employer, AlliedBarton Security Services, LLC (hereinafter AlliedBarton). The plaintiff commenced this action against, among others, the Deloitte defendants. The Deloitte defendants commenced a third-party action against AlliedBarton. The Deloitte defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered June 21, 2011, the Supreme Court denied that motion, without prejudice to renew. AlliedBarton moved for summary judgment dismissing the third-party complaint. In an order entered February 21, 2012, the Supreme Court granted AlliedBarton’s motion to dismiss the third-party complaint. Following discovery, the Deloitte defendants moved for leave to renew pursuant to CPLR 2221, and, upon renewal, for summary judgment dismissing the complaint insofar as asserted against them. In an order entered March 12, 2012, the Supreme Court, in effect, granted that branch of the Deloitte defendants’ motion which was for leave to renew, and thereupon, inter alia, adhered to so much of the original determination as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground of lack of constructive notice.
To demonstrate entitlement to summary judgment in a trip- and-fall case, a defendant must establish that it maintained the premises in a reasonably safe condition and that it did not create a dangerous or defective condition on the property or have either actual or constructive notice of a dangerous or defective condition for a sufficient length of time to remedy it {see Villano *977 v Strathmore Terrace Homeowners Assn., Inc., 76 AD3d 1061, 1061 [2010]; Molloy v Waldbaum, Inc., 72 AD3d 659, 659-660 [2010]; Gradwohl v Stop & Shop Supermarket Co., LLC, 70 AD3d 634, 636 [2010]; see also Hayden v Waldbaum, Inc., 63 AD3d 679, 679 [2009]; Denker v Century 21 Dept. Stores, LLC, 55 AD3d 527, 528 [2008]). Neither creation of the alleged dangerous condition nor actual notice thereof is at issue here. “A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a length of time sufficient to afford the defendant a reasonable opportunity to discover and remedy it” (Bravo v 564 Seneca Ave. Corp., 83 AD3d 633, 634 [2011]; see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]).
Here, as the Supreme Court correctly determined, the Deloitte defendants established their prima facie entitlement to judgment as a matter of law. The Deloitte defendants’ evidence demonstrated, among other things, that the subject carpeting was in good condition and was not worn, torn, or raised, and that an individual then employed by AlliedBarton, who used the subject stairway at least three times daily, never observed any raised carpeting on the stairway. Contrary to the Supreme Court’s determination, in opposition, the plaintiff failed to raise a triable issue of fact as to whether the Deloitte defendants had constructive notice of the alleged dangerous condition (see Denker v Century 21 Dept. Stores, LLC, 55 AD3d at 528). Accordingly, the Supreme Court, upon renewal, should have granted that branch of the Deloitte defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground of lack of constructive notice.
In light of our determination on the appeal from the order entered March 12, 2012, the Deloitte defendants’ remaining contentions, concerning the order entered February 21, 2012, have been rendered academic. Skelos, J.E, Angiolillo, Dickerson and Roman, JJ., concur.