In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated August 16, 2012, which denied his motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
On December 11, 2006, the plaintiff allegedly tripped and fell on the carpeted stairs of the defendant’s house. The defendant established his prima facie entitlement to judgment as a matter of law by submitting proof that there was no defect in the subject carpeting, and that the carpeting was in good condition and was not worn, torn, or raised. Further, the defendant testified at his deposition that there had not been any complaints with regard to the condition of the carpeting, and there had not been any prior accidents involving the carpeting (see Rendon v Broadway Plaza Assoc. Ltd. Partnership, 109 AD3d 975, 977 [2013]; Leary v Leisure Glen Home Owners Assn., Inc., 82 AD3d 1169, 1170 [2011]). However, the plaintiff raised a triable issue of fact as to whether the stairs were in a dangerous condition due to loose carpeting prior to her fall, and as to whether the defendant had notice of it. At her deposition, the plaintiff testified that as she was descending the stairs she held onto the handrail, and when she got to the third step from the top of the staircase the carpeting “mov[ed] under [her] feet,” causing her to fall. She also stated that she had complained “several” times about the loose carpeting to the defendant’s mother, who lived *676 in the same house as the defendant. Therefore, the Supreme Court properly denied the defendant’s motion for summary judgment dismissing the complaint.
Rivera, J.E, Lott, Miller and Duffy, JJ., concur.