■ NICOLETTE FARREN, an Infant, by Her Parent and Natural Guardian, LORRAINE FARREN, et al., Respondents, v BOARD OF EDUCATION OF CITY OF NEW YORK, Appellant, et al., Defendant. [988 NYS2d 684]—

In an action to recover damages for personal injuries, etc., the defendant Board of Education of the City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated August 22, 2012, as denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Board of Education of the City of New York is granted.

On October 30, 2007, the infant plaintiff allegedly was injured when she slipped and fell on a wet floor in the third-floor girls' bathroom at Public School 32 in Staten Island. Thereafter, the infant plaintiff, by her mother, and her mother individually, commenced this action to recover damages, inter alia, for personal injuries. The Supreme Court denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant

Board of Education of the City of New York (hereinafter the Board of Education).

" 'To impose liability on a defendant for a slip and fall on an allegedly dangerous condition on a floor, there must be evidence that the dangerous condition existed, and that the defendant either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time' " (*Rodriguez v Sixth President*, 4 AD3d 406, 407 [2004], quoting *Moody v Woolworth Co.*, 288 AD2d 446, 446 [2001]). " 'A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident that it could have been discovered and corrected' " (*Williams v SNS Realty of Long Is., Inc.*, 70 AD3d 1034, 1035 [2010], quoting *Hayden v Waldbaum, Inc.*, 63 AD3d 679, 679 [2009]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). "To meet its initial burden on the issue of lack of constructive notice, [a] defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Williams v SNS Realty of Long Is., Inc.*, 70 AD3d at 1035; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 599 [2010]; *Musachio v Smithtown Cent. School Dist.*, 68 AD3d 949, 949-950 [2009]; *Sherry v Wal-Mart Stores E., L.P.*, 67 AD3d 992, 993-994 [2009]; *Holub v Pathmark Stores, Inc.*, 66 AD3d 741, 742 [2009]; *Braudy v Best Buy Co., Inc.*, 63 AD3d 1092, 1092 [2009]).

Here, the Board of Education established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the deposition testimony of the custodian engineer assigned to clean the school. He testified that he inspects the school, including the bathrooms, every morning to make sure that it is safe and clean. He further testified that he had last inspected the subject bathroom approximately two to two and one-half hours before the infant plaintiff allegedly was injured, and that there was no liquid on the floor at that time. The Board of Education also submitted the affidavit of a school administrator who averred that the school had not received any complaints regarding water on the floor of the subject bathroom between the time of the inspection and the time of the alleged accident. Additionally, the Board of Education submitted the deposition testimony of the infant plaintiff's mother, who admitted that, prior to the accident, the infant plaintiff never complained to her about water accumulation on the bathroom floors (*see Hernandez v New York City Hous. Auth.*, 116 AD3d 662 [2014];

*Denker v Century 21 Dept. Stores, LLC*, 55 AD3d 527, 528 [2008]).

In opposition to the Board of Education's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to whether the Board of Education created the condition complained of or had actual or constructive notice of it (*see Rubin v Cryder House*, 39 AD3d 840 [2007]). The plaintiffs' contention that the Board of Education created a dangerous condition by allegedly removing paper towels from the school's bathrooms, causing children to shake water off their hands onto the floor, was based on conjecture and surmise as well as hearsay testimony from the plaintiff's mother, which was insufficient to raise a triable issue of fact (*see Alfonso v Pacific Classon Realty, LLC*, 101 AD3d 768, 769 [2012]; *Mayo v Cedar Manor Mut. Hous. Corp.*, 96 AD3d 913, 914 [2012]; *see also Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]; *Rodriguez v Sixth President*, 4 AD3d at 407; *Arnold v New York City Hous. Auth.*, 296 AD2d 355, 356 [2002]).

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Board of Education (*see Crawford v City of New York*, 98 AD3d 935 [2012]). Rivera, J.P., Lott, Miller and Duffy, JJ., concur.