■ Margarita Caban, Appellant, v Bronx Park South II Associates et al., Respondents. [36 NYS3d 600]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered November 16, 2015, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that she was injured when she tripped over the loose edge of a rubber mat that was affixed to the interior stairs in the lobby of defendants' building. Defendants made a prima facie showing that they neither created the allegedly defective condition of the rubber mat, nor had actual or constructive notice of its existence (*see Kasner v Pathmark Stores, Inc.*, 18 AD3d 440 [2d Dept 2005]). Defendants submitted evidence showing that their porter cleaned the building daily and regularly inspected the mat (*see Denker v Century 21 Dept. Stores, LLC*, 55 AD3d 527 [2d Dept 2008]). Defendants further pointed to plaintiff's own testimony that she looked down at the mat immediately before falling and did not observe any defect (*see Budd v Gotham House Owners Corp.*, 17 AD3d 122 [1st Dept 2005]).

In opposition, plaintiff failed to raise a triable issue of fact. While plaintiff testified that she noticed a bump in the mat after her accident, she admitted that she had not noticed any bump, either immediately before her accident or when she walked over the mat without incident on her way into her brother's apartment the morning before the accident, even though she had been looking directly at it immediately before the accident (*see Vazquez v Genovese Drug Stores, Inc.*, 88 AD3d 467 [1st Dept 2011]). Specifically, plaintiff testified as follows at her deposition:

"Q. When you went over that rubber mat in the morning on your way to your brother's apartment what were your observations with respect to that rubber mat?

"A. I didn't notice anything. I just went straight to the elevator.

"Q. Did you walk over the rubber mat?

"A. Yes.

"Q. Did you have any difficulties walking over the rubber mat that morning?

"A. No.

"Q. At the time of the accident were you talking to your brother?

"A. No.

"Q. Where were you looking immediately before your accident?

"A. Looking down. . . .

"Q. Did you see the rubber mat immediately before your accident?

"A. Yes.

"Q. Okay?

"A. I had to step over it.

"Q. When you saw the rubber mat immediately before your accident what did you observe?

"A. Nothing.

"Q. When you say nothing is it nothing out of the ordinary?

"A. I thought it was just a mat. I stepped on it on my way up and I stepped on it on my way out. . . .

"Q. When you went immediately before you stepped over the mat before your accident did you observe that it was not flush with the ground?

"A. No.

"Q. That it was up?

"A. No.

"Q. That morning when you walked inside the building and walked over the mat did you observe that it was up?

"A. No." Concur—Friedman, J.P., Sweeny, Webber and Gesmer, JJ.