Mandel v 340 Owners Corp. (2020 NY Slip Op 07316)





Mandel v 340 Owners Corp.


2020 NY Slip Op 07316


Decided on December 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 08, 2020

Before: Acosta, P.J., Gische, Oing, González, Kennedy, JJ.


Index No. 155169/17 Appeal No. 12577-12577A Case No. 2020-00850 

[*1]Laura Mandel, Plaintiff-Appellant,
v
340 Owners Corp., et al., Defendants-Respondents.


Gair, Gair, Conason, Rubinowitz, Blom, Hershenhorn, Steigman & Mackauf, New York (Christopher J. Donadio of counsel), for appellant.
Mauro Lilling Naparty, LLP, Woodbury (Anthony F. DeStefano of counsel), for respondents.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered October 21, 2019, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied. Appeal from order, same court and Justice, entered on or about May 26, 2020, which denied plaintiff's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable paper. Defendants' failure to establish prima facie entitlement to judgment as a matter of law [*2]requires the denial of the motion regardless of the strength of plaintiff's opposition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). They failed to offer evidence of their inspection routines, including evidence regarding the last time the accident site was inspected (see Caban v Bronx Park S. II Assoc., 142 AD3d 462 [1st Dept 2016]).
In any event, plaintiff raises factual issues. Although plaintiff did not actually observe what caused her to trip and fall over an inclement weather runner in the lobby of defendants' building, her evidence, together with reasonable inferences drawn therefrom, including that she felt the toebox of her right foot slide under what felt to be a hump in the runner, causing her foot to get caught, and her to lose her balance and fall, sufficiently identified the cause of her fall (see Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743 [1986]; cf. Reeves v 1700 First Ave. LLC, 142 AD3d 830 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2020