Monczyk v Noam (2021 NY Slip Op 02385)





Monczyk v Noam


2021 NY Slip Op 02385


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-11968
 (Index No. 34307/17)

[*1]Yehoshua Monczyk, appellant,
v
Yeshiva Darchei Noam, respondent (and a third-party action).


Neimark & Neimark LLP, New City, NY (Ira H. Lapp of counsel), for appellant.
Molod Spitz & DeSantis, P.C., New York, NY (Marcy Sonneborn and Salvatore J. DeSantis of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated October 2, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that he allegedly sustained when he stepped on a pile of wood chips, lost his balance, and fell on an exterior pathway on the defendant's premises. The defendant moved for summary judgment dismissing the complaint, contending that it maintained its premises in a reasonably safe condition. The Supreme Court granted the motion, and the plaintiff appeals.
Here, the defendant established, prima facie, that it did not cause the pile of wood chips to be on the pathway and that it did not have actual or constructive notice of its existence (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Farren v Board of Educ. of City of N.Y., 119 AD3d 518, 519). The defendant also established, prima facie, that the pathway was in a reasonably safe condition even though it did not have a handrail (see Morrison v Apostolic Faith Mission of Portland, Or., 111 AD3d 684, 684-685; cf. Lee v Acevedo, 152 AD3d 577; Swerdlow v WSK Props. Corp., 5 AD3d 587). In opposition, the plaintiff failed to raise a triable issue of fact (see Hyman v Queens County Bancorp, Inc., 3 NY3d 743, 744-745).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
MASTRO, A.P.J., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court