(March 13, 2007)

■ MARYANN T. ALLAN, Appellant, v CASPERKILL COUNTRY CLUB, Respondent. [832 NYS2d 597]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated November 30, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff slipped and fell, allegedly on a "puddle of ice" in a driveway, adjacent to the main entrance to the defendant's country club. The plaintiff commenced this action to recover damages for injuries she allegedly sustained as a result of her fall, and the defendant moved for summary judgment dismissing the complaint.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Rodriguez v White Plains Pub. Schools*, 35 AD3d 704 [2006]). The deposition testimony which the defendant submitted in support of its motion established such a prima facie showing.

The evidence presented by the plaintiff in opposition to the motion failed to raise a triable issue of fact as to whether the defendant created the icy condition or had actual or constructive notice of its existence (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Goldman v Waldbaum, Inc.*, 248 AD2d 436, 437 [1998]). Additionally, the plaintiff's opposition to the motion failed to raise an issue of fact as to whether any recurrent condition, of which the defendant had notice, was in the specific area where the accident occurred (*see Kasner v Pathmark Stores, Inc.*, 18 AD3d 440, 441 [2005]; *Anderson v Central Val. Realty Co.*, 300 AD2d 422, 423 [2002]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.