■ JOSE MORALES, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellant, et al., Defendant. [3 NYS3d 119]—

In an action to recover damages for personal injuries, the defendants New York City Housing Authority, Eleanor Roosevelt I, and Eleanor Roosevelt II appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 21, 2013, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants New York City Housing Authority, Eleanor Roosevelt I, and Eleanor Roosevelt II for summary judgment dismissing the complaint insofar as asserted against them is granted.

Although the appellants did not establish, prima facie, that the plaintiff did not know what had caused him to fall (*see Lamour v Decimus*, 118 AD3d 851, 851-852 [2014]; *Giraldo v Twins Ambulette Serv., Inc.*, 96 AD3d 903, 903-904 [2012]), the

appellants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create the alleged hazardous condition or have actual or constructive notice of it (*see Rivera v 2160 Realty Co., L.L.C.*, 4 NY3d 837 [2005]; *Nesterenko v Starrett City Assoc., L.P.*, 111 AD3d 806, 807 [2013]; *Perez v New York City Hous. Auth.*, 75 AD3d 629, 630 [2010]; *Muniz v New York City Hous. Auth.*, 38 AD3d 628 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the appellants had actual notice of a recurrent hazardous condition such that they could be charged with constructive notice of the specific condition that allegedly caused the plaintiff to fall (*see Mauge v Barrow St. Ale House*, 70 AD3d 1016, 1017 [2010]; *Allan v Casperkill Country Club*, 38 AD3d 579 [2007]; *Kasner v Pathmark Stores, Inc.*, 18 AD3d 440, 441 [2005]; *Carlos v New Rochelle Mun. Hous. Auth.*, 262 AD2d 515, 516 [1999]).

Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.