■ FILOMENA ROBUSTELLI, Respondent, v WESTCHESTER TOWERS OWNERS CORP. et al., Appellants. [8 NYS3d 590]—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated September 10, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when she slipped and fell in the laundry room of a building owned by the defendant Westchester Towers Owners Corp., and managed by the defendant Prime Locations, Inc. The plaintiff commenced this action against the defendants to recover damages for personal injuries.

Contrary to the defendants' contention, they failed to establish, prima facie, that the plaintiff did not know what had caused her to slip and fall (*see Morales v New York City Hous. Auth.*, 125 AD3d 619 [2015]; *Lamour v Decimus*, 118 AD3d 851 [2014]; *Giraldo v Twins Ambulette Serv., Inc.*, 96 AD3d 903 [2012]; *Brown v Linden Plaza Hous. Co., Inc.*, 36 AD3d 742 [2007]). However, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create the alleged hazardous condition that caused the plaintiff to slip and fall or have actual or constructive notice of its existence (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Seung Chul Na v JP Morgan Chase & Co.*, 123 AD3d 903 [2014]; *Farren v Board of Educ. of City of N.Y.*, 119 AD3d 518 [2014]; *Guzman v Jewish Bd. of Family & Children's Servs., Inc.*, 103 AD3d 776 [2013]; *Alami v 215 E. 68th St., L.P.*, 88 AD3d 924 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Roman, Maltese and Barros, JJ., concur.