■ MICHELE M. ADAMSON, as Administratrix of the Estate of MICHAEL ADAMSON, Deceased, Respondent, v RADFORD MANAGEMENT ASSOCIATES, LLC, Appellant, et al., Defendants. [58 NYS3d 100]—

In an action to recover damages for personal injuries, the defendant Radford Management Associates, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), dated September 30, 2016, as denied its motion for summary judgment dismissing the amended complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Radford Management Associates, LLC, for summary judgment dismissing the amended complaint insofar as asserted against it is granted.

The plaintiff's decedent allegedly slipped and fell on a puddle of water in the laundry room of his apartment building, which was owned by the defendant Radford Management Associates, LLC (hereinafter the defendant). The decedent was deposed before he died. He testified that, as was his custom, on the day of the incident he visited the laundry room on two occasions in the early morning hours. During his first visit, when he went to load some wet clothes into a dryer, he did not notice any water on the laundry room floor. No one else was in the laundry room, and none of the machines was in use. He exited the laundry room without incident. He later returned to. the laundry room to remove his clothes from the dryer. Again, no one else was in the laundry room and none of the machines was in use. The dryer that he was using had a 30-minute cycle, and it had already come to a stop. He removed his clothes from the dryer, and as he took one step away from the dryer to leave the laundry room, he slipped and fell. After he fell, he saw, for the first time, water on the laundry room floor.

The defendant moved for summary judgment dismissing the amended complaint insofar as asserted against it, contending that it did not create the alleged hazardous condition or have actual or constructive notice of it. The Supreme Court denied the motion.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of establishing, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence (*see Robustelli v Westchester Towers Owners Corp.*, 128 AD3d 938, 939 [2015]; *Farren v Board of Educ. of City of N.Y.*, 119 AD3d 518, 519 [2014]). To provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

Here, the evidence submitted by the defendant in support of its motion, including the decedent's deposition testimony, was sufficient to establish, prima facie, that the defendant did not create the alleged hazardous condition or have actual or constructive notice of it (*see Robustelli v Westchester Towers Owners Corp.*, 128 AD3d at 939; *Seung Chul Na v JP Morgan Chase & Co.*, 123 AD3d 903 [2014]; *Farren v Board of Educ. of City of N.Y.*, 119 AD3d at 519; *Guzman v Jewish Bd. of Family & Children's Servs., Inc.*, 103 AD3d 776 [2013]; *see also Rivera v 2160 Realty Co., L.L.C.*, 4 NY3d 837, 838 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. A general awareness that the laundry room floor could become wet was legally insufficient to constitute constructive notice of the particular condition that allegedly caused the decedent to slip and fall (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]; *Gurley v Rochdale Vil., Inc.*, 137 AD3d 749, 750 [2016]; *Mauge v Barrow St. Ale House*, 70 AD3d 1016, 1017 [2010]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it. Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur.