Hagan v City of New York (2018 NY Slip Op 07415)





Hagan v City of New York


2018 NY Slip Op 07415


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-08607
 (Index No. 10279/11)

[*1]Samuel L. Hagan, et al., respondents, 
v
City of New York, defendant, Berkshire Equity, LLC, et al., appellants.


Pillinger Miller Tarallo, LLP, Elmsford, NY (Douglas A. Gingold of counsel), for appellant Berkshire Equity, LLC.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Stewart G. Milch and Paul Tarr of counsel), for appellant Temco Service Industries, Inc.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the defendant Berkshire Equity, LLC, appeals, and the defendant Temco Service Industries, Inc., separately appeals, from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated May 20, 2016. The order, insofar as appealed from by the defendant Berkshire Equity, LLC, denied its motion for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it, and insofar as appealed from by the defendant Temco Service Industries, Inc., denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiffs to the defendants Berkshire Equity, LLC, and Temco Service Industries, Inc., appearing separately and filing separate briefs, the motion of the defendant Berkshire Equity, LLC, for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it is granted, and the motion of the defendant Temco Service Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff Samuel L. Hagan (hereinafter the plaintiff) allegedly slipped on a puddle of pinkish liquid on the ground floor of a Brooklyn courthouse and sustained personal injuries. The plaintiff, and his wife suing derivatively, commenced an action against, among others, the defendant Berkshire Equity, LLC (hereinafter Berkshire), which owned the premises, and a separate action against the defendant Temco Service Industries, Inc. (hereinafter Temco), which had a cleaning services contract with a nonparty that was a holding company of Berkshire. The two actions were subsequently consolidated. Berkshire moved for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it, contending that it did not create the alleged hazardous condition or have actual or constructive notice of its existence. Temco separately moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not owe the plaintiff a duty of care. The Supreme Court denied both motions. Berkshire and Temco separately appeal.
With respect to Berkshire's motion, in a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence (see Adamson v Radford Mgt. Assoc., LLC, 151 AD3d 913, 914; Robustelli v Westchester Towers Owners Corp., 128 AD3d 938, 939; Guzman v Jewish Bd. of Family & Children's Servs., Inc., 103 AD3d 776, 777; Kramer v SBR & C, 62 AD3d 667, 669). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837).
Here, the evidence submitted by Berkshire in support of its motion, including the transcript of the plaintiff's deposition testimony, was sufficient to establish, prima facie, that Berkshire did not create the alleged hazardous condition or have actual or constructive notice of its existence for a sufficient period of time to have discovered and remedied it (see Robustelli v Westchester Towers Owners Corp., 128 AD3d at 939; Guzman v Jewish Bd. of Family & Children's Servs., Inc., 103 AD3d at 777; Kramer v SBR & C, 62 AD3d at 669). The plaintiff testified that when he traversed the accident site approximately 20 minutes before the incident, he did not see the condition that had caused him to slip. In opposition, the plaintiffs failed to raise a triable issue of fact.
With respect to Temco's motion, "[g]enerally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party" (Cioffi v Klein, 119 AD3d 886, 888; see Espinal v Melville Snow Contrs., 98 NY2d 136, 138-139). However, there are three exceptions to this general rule: (1) where the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm or creates or exacerbates a hazardous condition; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely (see Espinal v Melville Snow Contrs., 98 NY2d at 140; Glover v John Tyler Enters., Inc., 123 AD3d 882).
Here, Temco established its prima facie entitlement to judgment as a matter of law by demonstrating, prima facie, that the plaintiff was not a party to its cleaning services contract, and that it, thus, owed him no duty of care (see Laronga v Atlas-Suffolk Corp., 164 AD3d 893; Sperling v Wyckoff Hgts. Hosp., 129 AD3d 826, 827; Glover v John Tyler Enters., Inc., 123 AD3d at 882; Javid v Sclafmore Constr., 117 AD3d 907). Since the plaintiffs did not allege facts in the complaint or bill of particulars that would establish the applicability of any of the Espinal exceptions, Temco was not required to affirmatively demonstrate that these exceptions were inapplicable in order to establish its prima facie entitlement to judgment as a matter of law (see Larong v Atlas-Sufflk Corp., 164 AD3d at 896; Koslosky v Malmut, 149 AD3d 925, 926; Javid v Sclafmore Constr., 117 AD3d at 908). In opposition, the plaintiffs failed to raise a triable issue of fact as to the applicability of one or more of the three Espinal exceptions (see Foster v Herbert Slepoy Corp., 76 AD3d 210, 214).
Accordingly, the Supreme Court should have granted Berkshire's motion for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it and Temco's motion for summary judgment dismissing the complaint insofar as asserted against it.
CHAMBERS, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court