Diaz v LaGuardia Express, LLC (2020 NY Slip Op 05186)





Diaz v LaGuardia Express, LLC


2020 NY Slip Op 05186


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2019-05634
 (Index No. 705559/17)

[*1]Olivia C. Diaz, respondent, 
v
LaGuardia Express, LLC, et al., appellants.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellants.
Mitchell Dranow, Sea Cliff, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated April 11, 2019. The order denied the motion of the defendants LaGuardia Express, LLC, and Field Hotel Associates, L.P., for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the appeal by the defendants Hampton Inn and Hampton by Hilton is dismissed, as those defendants are not aggrieved by the order (see CPLR 5511); and it is further,
ORDERED that the order is reversed on the appeal by the defendants LaGuardia Express, LLC, and Field Hotel Associates, L.P., on the law, and those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants LaGuardia Express, LLC, and Field Hotel Associates, L.P.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that she allegedly suffered on February 28, 2016, between 12:00 and 12:30 p.m., when she slipped and fell on soapy water in the service room of the defendants' hotel in Queens. The service room, which was kept locked and not accessible by the guests, led to an elevator which was used by those who worked at the hotel. At the time of the accident, the plaintiff was employed by an independent contractor, which provided cleaning services at the defendants' hotel. In the order appealed from, the Supreme Court denied the motion of the defendants LaGuardia Express, LLC, and Field Hotel Associates, L.P. (hereinafter together the moving defendants), for summary judgment dismissing the complaint insofar as asserted against them, determining that the moving defendants failed to establish, prima facie, that they did not have notice of the alleged hazardous condition.
A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of establishing, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence (see Colon v New York Mercantile Exch., Inc., 172 [*2]AD3d 811, 812; Hagan v City of New York, 166 AD3d 590, 591; Adamson v Radford Mgt. Assoc., LLC, 151 AD3d 913, 914). To provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837).
Here, as the plaintiff concedes on appeal, the moving defendants met their initial burden as the movants. The parties agree on appeal that the soapy water condition that caused the plaintiff to fall was created about 10 minutes prior to the accident by an independent contractor that was retained to clean the carpet. Under the circumstances, the moving defendants established, prima facie, that they cannot be held liable for the negligence of this independent contractor that was retained to clean the carpet (see Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 258; Kleeman v Rheingold, 81 NY2d 270, 273). The moving defendants also established, prima facie, that they did not have actual or constructive notice of the soapy water condition which appeared 10 minutes prior to the accident (see Gordon v American Museum of Natural History, 67 NY2d 836; Aupperlee v Restaurant Depot, LLC, 177 AD3d 940, 941). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the moving defendants should be held vicariously liable for the negligence of the carpet cleaning contractor (see generally Backiel v Citibank, 299 AD2d 504).
Accordingly, the moving defendants are entitled to summary judgment dismissing the complaint insofar as asserted against them.
SCHEINKMAN, P.J., RIVERA, BALKIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court