Louis-Juste v Fisher Park Lane Owner, LLC (2022 NY Slip Op 02989)





Louis-Juste v Fisher Park Lane Owner, LLC


2022 NY Slip Op 02989


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.


2019-09237
 (Index No. 513364/15)

[*1]Ducarmel Louis-Juste, appellant, 
v
Fisher Park Lane Owner, LLC, respondent.


Raphaelson & Levine Law Firm, New York, NY (Steven C. November of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated June 19, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On January 29, 2014, the plaintiff allegedly sustained personal injuries during the course of his employment at the defendant's property in Manhattan, while he was transporting 25 pounds of painting-related supplies in a basket/cart with four wheels. As the plaintiff was walking backwards down a concrete ramp at the defendant's loading dock, facing and holding the basket, he allegedly slipped on ice. The plaintiff commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that it did not create the alleged hazardous condition or have actual or constructive notice of its existence. The Supreme Court granted the motion, stating that the evidence showed that the plaintiff fell because his cart struck the adjacent rail, not because there was snow and ice on the ramp. The plaintiff appeals. We affirm on different grounds.
A landowner has a duty to maintain his or her premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233, 241). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560; see Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d 763, 764). A defendant has constructive notice of a dangerous or defective condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). Here, viewing the evidence in the light most favorable to the plaintiff as the nonmoving party (see Chang v Marmon Enters., Inc., 172 AD3d 678, 679; Stukas v Streiter, 83 AD3d 18), the evidence submitted by the defendant in support of the motion, including surveillance videos of the accident, did not establish, prima facie, that there was no ice on the ramp at the time [*2]of the accident and that the accident was caused by the cart coming into contact with the adjacent rail rather than as a result of the plaintiff slipping on ice (see Jordan v Juncalito Abajo Meat Corp., 131 AD3d 1012; see also Padarat v New York City Tr. Auth., 137 AD3d 1095, 1097; Deviva v Bourbon St. Fine Foods & Spirit, 116 AD3d 654, 655; cf. Stroller v Purchase Community, Inc., 161 AD3d 807, 808; Atehortua v Lewin, 90 AD3d 794). The defendant, however, did establish, prima facie, that it did not create the alleged ice condition or have actual or constructive notice of its existence (see Hagan v City of New York, 166 AD3d 590, 591; Robustelli v Westchseter Towers Owners Corp., 128 AD3d 938, 939; Perlongo v Park City 3 & 4 Apts., Inc., 31 AD3d 409). The defendant submitted a transcript of the plaintiff's deposition testimony in which he attested that he did not see the ice condition within 30 minutes prior to the accident when he last walked on the ramp. In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determination, it is not necessary to reach the parties' remaining contentions.
BARROS, J.P., RIVERA, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court