Gorley v County of Westchester (2023 NY Slip Op 00652)

Gorley v County of Westchester

2023 NY Slip Op 00652

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-06156
 (Index No. 60919/18)

[*1]Sherine Gorley, appellant, 
v
County of Westchester, respondent, et al., defendant.

The Bagley Firm, P.C. (Friedman, Levy, Goldfarb & Green, P.C., New York, NY [Michael D. Ricchiuto], of counsel), for appellant.
John M. Nonna, County Attorney, White Plains, NY (David H. Chen of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated May 14, 2020. The order granted the motion of the defendant County of Westchester for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she slipped and fell on liquid on the floor of the Westchester County Jail. The defendant County of Westchester moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not create the alleged hazardous condition or have actual or constructive notice of it. In an order dated May 14, 2020, the Supreme Court granted the County's motion. The plaintiff appeals.
"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of establishing, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence" (Adamson v Radford Mgt. Assoc., LLC, 151 AD3d 913, 914; see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). "To provide constructive notice, 'a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it'" (Adamson v Radford Mgt. Assoc., LLC, 151 AD3d at 914, quoting Gordon v American Museum of Natural History, 67 NY2d at 837). Here, the County established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that it did not create the alleged hazardous condition or have actual or constructive notice of its existence (see Gordon v American Museum of Natural History, 67 NY2d at 837-838; Zuckerman v City of New York, 49 NY2d 557; Hagan v City of New York, 166 AD3d 590, 591; Adamson v Radford Mgt. Assoc., LLC, 151 AD3d at 915). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the County's motion for summary judgment dismissing the complaint insofar as asserted against it.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court