Daniel v York Terrace, Inc. (2024 NY Slip Op 05432)

Daniel v York Terrace, Inc.

2024 NY Slip Op 05432

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2023-03399
 (Index No. 501201/20)

[*1]Jubilee Daniel, respondent, 
v
York Terrace, Inc., et al., appellants.

Ropers Majeski, P.C., New York, NY (John W. Hanson of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated March 16, 2023. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured when she slipped and fell on water in the laundry room of a residential building owned and managed by the defendants. The plaintiff alleged that water was leaking from a washing machine that she was using. The plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, contending that they did not create the alleged hazardous condition or have actual or constructive notice of its existence. In an order dated March 16, 2023, the Supreme Court denied the defendants' motion. The defendants appeal.
A defendant moving for summary judgment in a slip-and-fall case has the initial burden of establishing, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence (see Adamson v Radford Mgt. Assoc., LLC, 151 AD3d 913, 914; Robustelli v Westchester Towers Owners Corp., 128 AD3d 938, 939). To provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837).
Here, the defendants established, prima facie, that they maintained their premises in a reasonably safe condition and that they did not create the alleged hazardous condition or have actual or constructive notice of its existence (see Louis-Juste v Fisher Park Lane Owner, LLC, 205 AD3d 703, 704; Hagan v City of New York, 166 AD3d 590, 591; Adamson v Radford Mgt. Assoc., LLC, 151 AD3d at 915). In support of their motion, the defendants submitted, inter alia, a transcript of the deposition testimony of the plaintiff, who testified that she did not see any water when she was last in the laundry room approximately 40 minutes prior to the accident. The defendants also submitted evidence that the machine was serviced by a vendor three days prior to the incident and that when the vendor left the premises, the machine was in working condition. When the vendor inspected the machine again on the day of the accident, the vendor determined that the machine was in working condition and that any leak was caused by the use of too much soap. In opposition, the [*2]plaintiff failed to raise a triable issue of fact as to whether the defendants had actual notice of a recurring hazardous condition and, thus, could be charged with constructive notice of the subject condition. The plaintiff's daughter's affidavit submitted in opposition to the motion merely showed that the defendants had a general awareness that, at times, water leaked from the machine at issue (see Wartski v C.W. Post Campus of Long Is. Univ., 63 AD3d 916, 917; Panetta v Phoenix Beverages, Inc., 29 AD3d 659, 660; Herrera v Felice Realty Corp., 22 AD3d 723, 724).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the defendants' remaining contention.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court