Liyun Zhu v Kai Yan Huang (2025 NY Slip Op 04746)

Liyun Zhu v Kai Yan Huang

2025 NY Slip Op 04746

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2024-07631
 (Index No. 711695/22)

[*1]Liyun Zhu, respondent,
v
Kai Yan Huang, et al., appellants.

Hollander Legal Group, P.C., Melville, NY (Allan S. Hollander and Randi Gross of counsel), for appellants.
Krause & Glassmith, LLP, New York, NY (Paul Maiorana of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered April 19, 2024. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she slipped and fell while descending an interior staircase at the defendants' premises. The plaintiff testified at her deposition that, upon arriving at the premises for work at 10:00 a.m., she descended the staircase from the first floor to the basement. Sometime thereafter, the plaintiff ascended the stairs to take a phone call. The plaintiff did not notice any liquid on the stairs on either occasion. The plaintiff testified that, while she was on the phone call, which lasted 15 to 20 minutes, she observed two individuals, carrying drinks, descend the stairs. After the plaintiff finished the phone call, at approximately 11:00 a.m., she descended the stairs and slipped and fell on liquid, which she believed to be coffee or tea.
The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that they did not create the alleged hazardous condition or have actual or constructive notice of its existence. The plaintiff opposed the motion. In an order entered April 19, 2024, the Supreme Court denied the defendants' motion. The defendants appeal.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Scammell v Flum, 225 AD3d 726, 727). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [a] defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837; see Scammell v Flum, 225 AD3d at 727).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting a transcript of the plaintiff's deposition testimony, which demonstrated that the defendants did not create the alleged hazardous condition or have actual or constructive notice of it (see Loper v Stop & Shop Supermarket Co., LLC, 206 AD3d 641, 642; Hagan v City of New York, 166 AD3d 590, 591; Adamson v Radford Mgt. Assoc., LLC, 151 AD3d 913, 915). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., CHRISTOPHER, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court